| | | |
|---|---|---|
| DOROTHY M. TISSUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00876-TWP-TAB |
| | ) | |
| RYAN A. BALDWIN, | ) | |
| I F & P FOODS, INC., | ) | |
| INDIANAPOLIS FRUIT COMPANY, LLC, | ) | |
| PIAZZA PRODUCE, LLC, | ) | |
| P & P TRANSPORTATION, LLC, | ) | |
| RYDER TRUCK RENTAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at \*3 (S.D. Ind. Nov. 30, 2011). Thus, the complaint or notice of removal must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982). Additionally, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."

*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges that "plaintiff Dorothy M. Tissue was a resident of Hudsonville, Ottawa County, Michigan," and "defendant Ryan A. Baldwin, was a resident of Indianapolis, Indiana." (Filing No. 1 at 1.) These allegations of state residency, not citizenship, are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Furthermore, the Complaint alleges that "defendant Indianapolis Fruit Company, LLC, was an Indiana corporation with its principal place of business in Indianapolis, Indiana." *Id.* If Defendant Indianapolis Fruit Company, LLC is a corporation, then these allegations are sufficient. However, if Defendant Indianapolis Fruit Company, LLC is a limited liability company, then these allegations are not sufficient to allege the citizenship of the defendant LLC.

The Complaint also alleges that "defendant Piazza Produce, LLC, was a foreign corporation with its principal place of business in Indianapolis, Indiana," and "defendant P & P Transportation, LLC, was a foreign corporation with its principal place of business in Indianapolis, Indiana." *Id.* at 2. If these entities are corporations, then these allegations are deficient because they fail to allege the state of incorporation of these entities. However, if these entities are limited liability companies, then these allegations are deficient because they fail to allege the LLCs' members and those members' citizenship. Alleging the identity and citizenship of each of the members of the defendant limited liability companies is necessary for this Court to determine whether it has jurisdiction.

Additionally, the Complaint alleges that "defendant Ryder Truck Rental, Inc., was a foreign corporation doing business in Indianapolis, Indiana." *Id.* This allegation is insufficient because it fails to identify the state of incorporation and the principal place of business of Ryder Truck Rental, Inc.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the members of any LLC defendants and those members' citizenship. The statement should clarify whether Defendants Indianapolis Fruit Company, LLC, Piazza Produce, LLC, and P & P Transportation, LLC are corporations or limited liability companies. It also should specifically identify the state citizenship, not residency, of the individual parties as well as the state of incorporation and the principal place of business of Ryder Truck Rental, Inc. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

   **SO ORDERED.**


Date:    3/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas R. Behm
99 Monroe Avenue, N.W.
Suite 800
Grand Rapids, MI 49503